Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6665 | **DATE** | 1/23/2002 |
| **CASE TITLE** | Cataldo vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated in the attached Memorandum Opinion and Order, defendant's motion to stay discovery [32-1] until after the District Court decides the motion to dismiss is granted. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | JAN 24 2002 | |
| ✓ | Notices mailed by judge's staff. | | number of notices | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 1/23/2002 | |
| KF | courtroom deputy's initials | 02 JAN 23 AM 11:46 | date mailed notice KF | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH P. CATALDO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 01 C 6665 |
| v. ) | |
| ) | |
| THE CITY OF CHICAGO, ) | |
| ) | |
| Defendant. ) | |

**DOCKETED**

## MEMORANDUM OPINION AND ORDER

JAN 2 4 2002

Michael T. Mason, United States Magistrate Judge:

This case was brought by Officer Joseph Cataldo, a police officer for defendant City of Chicago ("City"), alleging that the City violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131 *et. seq.* and § 12101 and the Rehabilitation Act of 1973, 29 U.S.C. § 794, by refusing to place him in a convalescent or limited duty position because he uses a wheelchair. The City states that a written police department policy precludes any officer who uses a visible supporting device such as a wheelchair or cane from serving in a limited duty position. Cataldo contends that this entire policy violates the ADA and the Rehabilitation Act because, *inter alia,* it precludes individuals who are able to perform all requirements of a limited duty position from continuing to work as police officers. After filing an amended complaint, Cataldo sought administrative leave from the City because he was unable to work even in a limited duty position. The City has filed a motion to dismiss the amended complaint in the District Court, arguing that Cataldo is not a qualified individual with a disability entitled to protection under the ADA or the Rehabilitation Act because he cannot work at all.

The City has brought a motion to stay all discovery in this case until after the District Court decides the pending motion to dismiss. Plaintiff has agreed to stay all depositions until after such a ruling, but argues that defendant should be ordered to produce portions of the medical files for all police officers currently on convalescent or limited duty, approximately 536 individuals.[1] Plaintiff has agreed to receive these documents with all personally identifying information redacted. Defendant protests that producing the requested documents would require locating them within each file, copying them for review by City attorneys, and then making a second copy to be redacted by a City paralegal, time-consuming and costly steps that will be unnecessary if the City succeeds on its motion to dismiss.

In addition to arguing for a stay because of the pending motion to dismiss, the City also argues that the requested documents are not relevant at all, or at least that their relevancy cannot be determined until after the motion to dismiss is decided. When Cataldo first filed this action, he sought a preliminary injunction requiring the City to retain him on limited duty status. The parties immediately entered into an expedited discovery schedule in preparation for a preliminary injunction hearing, during which the City segregated some 200 limited duty files for production after the parties agreed to a protective order. Before a protective order could be entered, Cataldo withdrew his motion for preliminary injunction in light of the fact that he was seeking administrative leave, and also informed the City that they could produce the requested medical files in redacted form, making a protective order unnecessary. However, the City now objects

---

[1] Plaintiff seeks copies of the most recent limited/convalescent duty status form ("LCD form") in each file as well as the accompanying physicians' letters and reports.

2

to the relevancy of the files at all since Cataldo is not currently on limited or convalescent duty status.

We will not decide the City's relevancy argument at this time since doing so would require us to examine the merits of the motion to dismiss. However, we do believe a stay is appropriate. Requiring the City to locate, copy and redact the documents when there is a legitimate possibility that the case could be dismissed would not be an efficient use of its resources, especially given the current procedural posture of the case. Since Cataldo has admitted that he is not currently able to work, even in a limited duty position, he will not be harmed by any delay caused by receiving the documents until after the motion to dismiss is decided. Cataldo's placement in a limited duty position is not dependant on the District Court deciding in his favor on the merits of the lawsuit since he is currently not capable of holding such a job even if he wins his case. Thus, the delay in producing the files that would ensue if the plaintiff both survives the motion to dismiss and demonstrates to the Court the relevance of the medical files will not prejudice his ability to get ultimate relief. If the District Court should decide in favor of Cataldo on the motion to dismiss and hold that the records it seeks are relevant, we are confident that the parties will be able to work together to set a schedule for production of the files. We therefore grant the City's motion to stay discovery until after the District Court decides the motion to dismiss. It is so ordered.

Michael T. Mason
United States Magistrate Judge

Date: January 23, 2002

3