IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH P. CATALDO, ) | |
| ) | No. 01 C 6665 |
| Plaintiff, ) | |
| ) | Judge Wayne R. Andersen |
| v. ) | |
| ) | Mag. Judge Mason |
| THE CITY OF CHICAGO, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER



DOCKETED
OCT 24 2002

Michael T. Mason, United States Magistrate Judge:

Before us is plaintiff Joseph Cataldo's motion to compel documents from defendant City of Chicago ("City"). Plaintiff is a police officer who is currently on disability leave undergoing treatment for cancer. When he first became ill, plaintiff took a limited duty police position, but was barred from working in even a limited capacity when he became unable to ambulate without the use of a supporting device, as required by City policy. In his lawsuit, plaintiff is challenging the policy (General Order 98-2), arguing that it violates the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131 et.seq. ("ADA"). He seeks to show that the essential functions of a limited duty police officer position do not require independent ambulation, since limited duty officers do not need speed or agility such as is necessary to chase suspects or make forcible arrests.

Plaintiff has asked that the defendant produce a representative sample of so-called Releases to Limited Duty and the supporting medical documentation for officers approved for limited duty in the past. Specifically, plaintiff seeks the same files

produced, pursuant to protective order, in another case (the "Clark" case).[1] Plaintiff argues that these files will enable it to demonstrate that other officers with similar physical limitations to plaintiff, but who are able to ambulate without help, are no more able to perform certain "essential" police duties than plaintiff is, and that the so-called essential functions are not really necessary for limited duty work.

Defendant argues against producing the documents for several reasons. First, it contends that plaintiff never formally asked for the documents produced in the Clark case, but instead he has only requested the most recent releases to work and accompanying physicians' correspondence for every officer currently working in a limited duty capacity. Defendant further objects to producing the Clark documents because it contends they are not relevant, since most of them relate to medical decisions made five to fifteen years ago by individuals no longer employed by the City. Thus the decisions made in the documents produced in the Clark case do not reflect current City interpretation and implementation of General Order 98-2 regarding limited duty.

The City next makes several arguments against producing any examples of releases to limited duty, whether previously requested by the plaintiff or not. The City argues that the records of officers who are able to ambulate independently – and thus are able to work in a limited duty capacity – are irrelevant to the plaintiff's case since he cannot walk without assistance. Further, the City explains that the relevant criteria for holding a limited duty job is not the ability to chase suspects or make arrests, but the

---

[1] It is not apparent from the parties' briefs what role plaintiff's counsel had, if any, in this other case, or how it knows the content of the files it seeks here.

2

ability to safely hold and use a weapon. Because the plaintiff – who currently uses a wheelchair – cannot fulfill the requirements for use of a weapon, he cannot demonstrate that he is a qualified individual under the ADA. Thus, the City argues, any records of officers who are able to work in a limited capacity are irrelevant. And finally, the City argues that despite the plaintiff's continuing insistence that he plans to return to work as soon as his medical condition improves, the evidence from plaintiff's doctors belies his claim that he will soon be able to work again.

After considering all of the City's arguments, we agree that the plaintiff is not entitled to the Clark documents because he has never before asked for them in any sort of document request and in any event, at least some of them are allegedly so old that they do not bear on the decisions made about the plaintiff's ability to work. However, we disagree that all examples of releases to limited duty are not relevant to the plaintiff's case. Judge Anderson denied the City's motion to dismiss, finding that Cataldo's allegation that he was able to perform the essential functions of a limited duty desk position was sufficient to state an ADA claim. We believe that it is a relevant inquiry for the plaintiff to try to demonstrate that the independent ambulation requirement of General Order 98-2 is a violation of the ADA, and that he is entitled to examine the releases to limited duty for officers in similar situations to his who are covered by the same policy as he is. Further, although Judge Anderson noted that the plaintiff would be required to demonstrate the ability to return to work prior to the close of discovery, at this point we will allow him to obtain some of the documents he requests in the assumption that he will be returning to work. If in fact plaintiff is unable to return to work, the City can make an appropriate motion at that time.

Thus, we order the City to produce copies of all releases to limited duty and accompanying medical documentation for police officers placed on limited duty from January 1, 2000 to the present. Prior to production, the parties should agree on an appropriate means of concealing the identities of the officers, either through use of a protective order or redaction. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: October 23, 2002